IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ELLEN O'NEILL JONES | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-10-CV-1113-M-BD |
| | § | |
| WAL-MART | § | |
| | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Defendant Wal-Mart Stores Texas, L.L.C. ("Wal-Mart") has filed a motion for summary judgment in this *pro se* sex discrimination case brought under the Texas Commission on Human Rights Act ("TCHRA"), Tex. Lab. Code Ann. § 21.001, *et seq.* For the reasons stated herein, the motion should be granted.

I.

Plaintiff Ellen O'Neill Jones was employed by Wal-Mart from 2004 until February 5, 2010. (*See* Def. MSJ App. at 12, 109). Initially, plaintiff worked as a part-time cashier. (*Id.* at 13). She became an assistant manager of Store 286 in Ennis, Texas, in January 2008. (*Id.* at 101; 119, ¶ 2; 126-29). On December 2, 2009, plaintiff was reprimanded for terminating a new associate during his 90-day performance review. (*Id.* at 104-05; 121, ¶ 12). Plaintiff denied firing the associate. (*Id.* at 106). Instead, she maintained that the associate "threw his badge down" and quit. (*Id.* at 21, 106). As part of its investigation, management requested a written statement from Sophia Hernandez, a store employee. (*Id.* at 121, ¶ 12). In an email to Andrea McCrary of Human Resources dated

November 15, 2009, Hernandez stated that the associate handed his badge to plaintiff and then left the store. (*Id.* at 146). But Hernandez later told her supervisor, Andrew Mailey, that plaintiff asked the associate for his badge and employee discount card. (*Id.* at 144, ¶ 5 & 147). When questioned about this discrepancy, Hernandez said that plaintiff "closely observed me while I typed and told me what to say in my original email statement." (*Id.* at 145, ¶ 7; *see also id.* at 122, ¶ 14).

Upon learning that plaintiff may have improperly interfered with an internal investigation, Carlos Lopez, the market manager over Store 286, personally investigated the matter. (*Id.* at 119, ¶ 2; 122-23, ¶¶ 13-16). In addition to speaking with Hernandez, who stood by her statement that plaintiff told her what to write in the email, Lopez met with plaintiff on three different occasions. (*Id.* at 122, ¶¶ 14-15). Each time plaintiff denied that she was in the room while Hernandez typed her email to Human Resources. (*Id.* at 108 & 122, ¶ 15). Lopez also reviewed a surveillance video, which showed that plaintiff remained in the office and closely observed Hernandez while she drafted her email. (*Id.* at 122, ¶ 14). Based on the results of his investigation, Lopez terminated plaintiff for "dishonesty/compromised integrity," which constitutes gross misconduct in violation of Wal-Mart policy. (*Id.* at 97, 109 & 122-23, ¶ 16).

On March 5, 2010, plaintiff filed a charge of discrimination with the Texas Workforce Commission ("TWC") alleging both age and sex discrimination. (*See* Plf. Compl., Exh. A). Three months later, on June 4, 2010, plaintiff filed this action in federal district court. The only claim made by plaintiff in her complaint is that she was terminated by Wal-Mart on account of her sex in violation of the TCHRA. Defendant now moves for summary judgment as to this claim.[1] The issues have been briefed by the parties and the motion is ripe for determination.

---

[1] Defendant also moves for summary judgment on plaintiff's age discrimination claim. However, no such claim is asserted by plaintiff in her complaint.

II.

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The substantive law determines which facts are material. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). A party seeking summary judgment bears the initial burden of showing the absence of a genuine issue for trial. *See Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312 (5th Cir. 1995). Once the movant meets its initial burden, the non-movant must show that summary judgment is not proper. *See Duckett v. City of Cedar Park*, 950 F.2d 272, 276 (5th Cir. 1992). The parties may satisfy their respective burdens by tendering depositions, affidavits, and other competent evidence. *See Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir.), *cert. denied*, 113 S.Ct. 82 (1992). All evidence must be viewed in the light most favorable to the party opposing the motion. *Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993).

A.

Defendant seeks summary judgment on the ground that, *inter alia*, plaintiff cannot show that the legitimate, non-discriminatory reason proffered for her termination was pretextual.[2] The TCHRA

---

[2] Defendant also argues that plaintiff failed to exhaust her administrative remedies because her charge of discrimination was filed with the EEOC, not the TWC, and referred to violations of Title VII, not the TCHRA. (*See* Def. MSJ Br. at 3-6). Although plaintiff filed her charge of discrimination with the EEOC, the charge form clearly states, "I want this charge filed with *both the EEOC and the State or local Agency*, if any." (*See* Plf. Compl., Exh. A at 2) (emphasis added). This language is sufficient for exhaustion purposes. *See Acker v. Deboer, Inc.*, No. 3-04-CV-1327-R, 2006 WL 1489265 at *2 (N.D. Tex. May 24, 2006) (charge filed with EEOC will be considered filed with TWC if so indicated); *cf. Jones v. Grinnell Corp.*, 235 F.3d 972, 973 (5th Cir. 2001) (different result where charge form contained box that charging party must check to effect dual filing with EEOC and TWC). Moreover, charges of discrimination must be interpreted "with the 'utmost liberality,' bearing in mind that such charges are generally prepared by laymen untutored in the rules of pleading." *Price v. Southwestern Bell Tel. Co.*, 687 F.2d 74, 78 (5th Cir. 1982). All that is required is for the charging party to provide the administrative agency with facts necessary to conduct an adequate investigation. *Id.*; *see also Austin v. Wal-Mart Stores Texas, L.P.*, No. 3-05-CV-1687-M, 2006 WL 2859367 at *3-4 (N.D. Tex. Oct. 5, 2006). To the extent defendant argues that plaintiff failed to exhaust her administrative remedies because she did not receive a right-to-sue letter before filing suit in federal court, (*see* Def. MSJ Br. at 6), there is no such requirement under the TCHRA. *See Acker*, 2006 WL 1489265 at *3 (citing Texas law).

makes it unlawful for an employer to discharge an individual because of her sex. *See* TEX. LAB. CODE § 21.051(1) (Vernon 2006). To survive a motion for summary judgment on her TCHRA claim, "plaintiff must present sufficient evidence to create a fact issue regarding [sex] discrimination, either through direct or circumstantial evidence." *Martin v. El Nell, Inc.*, No. 3-03-CV-2209-D, 2005 WL 2148651 at *2 (N.D. Tex. Sept. 7, 2005), *quoting Lyons v. Burlington Coat Factory Warehouse Corp.*, No. 3-02-CV-0426-K, 2004 WL 515585 at *4 (N.D. Tex. Jan. 30, 2004). "Direct evidence is evidence that, if believed, proves the fact of discriminatory animus without inference or presumption." *Sandstad v. CB Richard Ellis, Inc.*, 309 F.3d 893, 897 (5th Cir. 2002), *cert. denied*, 123 S.Ct. 2572 (2003). If an inference is required for the evidence to be probative as to discriminatory animus, the evidence is circumstantial, not direct. *Id.* at 897-98; *see also Penalver v. Resource Corp. of America*, No. 3-10-CV-0280-D, 2011 WL 1885988 at *1 (N.D. Tex. May 18, 2011).

A circumstantial case of sex discrimination under the TCHRA may be proved by using the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). *See Machinchick v. PB Power, Inc.*, 398 F.3d 345, 356 (5th Cir. 2005). First, the plaintiff must establish a *prima facie* case of discrimination, which "creates a presumption that the employer unlawfully discriminated against the employee." *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 254, 101 S.Ct. 1089, 1094, 67 L.Ed.2d 207 (1981). Once the plaintiff establishes a *prima facie* case of discrimination, the burden shifts to the defendant to articulate a legitimate, non-discriminatory reason for its employment decision. *See St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506-07, 113 S.Ct. 2742, 2747, 125 L.Ed.2d 407 (1993). This burden "is only one of production, not persuasion, involving no credibility assessments." *Russell v.*

*McKinney Hosp. Venture*, 235 F.3d 219, 222 (5th Cir. 2000). If the defendant meets its burden of production, the *prima facie* case disappears and the plaintiff must offer sufficient evidence to create a genuine issue of material fact on the ultimate issue of intentional discrimination. *See Evans v. City of Bishop*, 238 F.3d 586, 590 (5th Cir. 2000). A plaintiff may satisfy the final step of the *McDonnell Douglas* burden-shifting analysis by offering evidence of either pretext or mixed motives. *See Rachid v. Jack in the Box, Inc.*, 376 F.3d 305, 312 (5th Cir. 2004). Under the pretext alternative, the plaintiff must show that the defendant's reason is not true, "but is instead a pretext for discrimination." *Id.* Under the mixed-motives alternative, the plaintiff must prove that "the defendant's reason, while true, is only one of the reasons for its conduct, and another 'motivating factor' is the plaintiff's protected characteristic." *Id.* If the plaintiff elects to proceed under the second alternative and offers sufficient evidence that discrimination was a motivating factor in the employment decision, the burden shifts to the defendant to prove that it would have taken the same action despite any discriminatory animus. *See Machinchick*, 398 F.3d at 355.

B.

Plaintiff does not adduce any direct evidence to support her claim that she was terminated because of her sex.[3] The court therefore considers whether there is sufficient circumstantial evidence of discrimination to survive summary judgment. Here, plaintiff has easily established a *prima facie*

---

[3] At her deposition, plaintiff testified in some detail about comments made by Mailey after she applied for a position as an overnight assistant manager. According to plaintiff, Mailey referred to her as an "older woman" and called Wal-Mart a "good old boys' system." (*See* Def. MSJ App. at 25-27). To the extent those comments can be construed as direct evidence of discriminatory animus towards females, they are irrelevant to the sole claim made by plaintiff in this lawsuit -- that she was terminated from her job as an assistant manager because of her sex. Not only were the comments made several months before plaintiff's termination, *see Cervantez v. KMGP Servs. Co., Inc.*, 349 Fed.Appx. 4, 11, 2009 WL 2957297 at *4 (5th Cir. Sept. 16, 2009) (comment is not probative of discrimination unless made in temporal proximity to adverse employment decision), but plaintiff was fired by Lopez, not Mailey. *See Gee v. Principi*, 289 F.3d 342, 346 (5th Cir. 2002) (statements and actions of an employee who did not make adverse decision cannot form the basis of employer liability unless the employee had influence or leverage over the decisionmaker).

case of sex discrimination under the TCHRA -- she is a member of a protected class, she was qualified for the position she held, and she was replaced by someone outside the protected class. *See Houchen v. Dallas Morning News, Inc.*, No. 3-08-CV-1251-L, 2010 WL 1267221 at *12 (N.D. Tex. Apr. 1, 2010) (citing cases). Indeed, defendant does not contend otherwise. Rather, defendant argues that it terminated plaintiff for attempting to cover up her mishandling of an associate's performance review by instructing Sophia Hernandez on what to write in a statement to Human Resources, and then giving false information about the incident to Carlos Lopez -- all in violation of Wal-Mart policy. (*See* Def. MSJ Br. at 8-9). This explanation constitutes a legitimate, non-discriminatory reason for the adverse employment action. *See Cervantez v. KMGP Servs. Co., Inc.*, 349 Fed.Appx. 4, 10, 2009 WL 2957297 at *3 & n.17 (5th Cir. Sept. 16, 2009), *quoting Twymon v. Wells Fargo & Co.*, 462 F.3d 925, 935 (8th Cir. 2006) ("[V]iolating a company policy is a legitimate, non-discriminatory rationale for terminating an employee.").

In an attempt to show that this explanation is false, plaintiff disputes the statement by Lopez that she "repeatedly denied" remaining in the room while Hernandez typed her statement to Human Resources. (*See* Def. MSJ App. at 122, ¶ 15). While acknowledging that she was asked if she stayed in the room with Hernandez, plaintiff testified at her deposition that she told Lopez, "I don't remember." (*See id.* at 23). However, that testimony is contrary to a signed statement by plaintiff wherein she wrote, "I helped Sophie bring up the email to Andrea [McCrary] because she didn't know how to spell her name. *After that I left.* I said to email her statement." (*Id.* at 108) (emphasis added). Moreover, Hernandez told Lopez that plaintiff instructed her on what to write in the email, (*see id.* at 122, ¶ 14; 145, ¶ 7), and a surveillance video confirmed that plaintiff remained in the office while Hernandez drafted her statement. (*Id.* at 122, ¶ 14). In view of this evidence, Lopez

clearly had reason to believe that plaintiff tampered with an investigation and lied to cover up her misconduct. Whether plaintiff was actually innocent of the accusations made against her is irrelevant to the pretext analysis. *See Cervantez*, 2009 WL 2957297 at *4, *citing Waggoner v. City of Garland*, 987 F.2d 1160, 1165 (5th Cir. 1993).

## RECOMMENDATION

Plaintiff has failed to adduce any evidence that the legitimate, non-discriminatory reason proffered by defendant for terminating her employment with Wal-Mart was pretextual. Without such evidence, plaintiff cannot a create a genuine issue of material fact regarding her claim of sex discrimination. Accordingly, defendant's motion for summary judgment [Doc. #21] should be granted.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 19, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE